ORIGINAL

FILED

09/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0264

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0264

FILED

SEP 2 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JEREMY CORD WOODS,

Defendant and Appellant.

ORDER

Before this Court is self-represented Appellant Jeremy Cord Woods along with his Motions for Appointment of Counsel and for Copy of Court Record. As explained below, we deny his motions and dismiss this appeal pursuant to the doctrine of res judicata.

Woods moves for appointment of counsel because he is an incarcerated, indigent individual. He also moves for a copy of the court record, all 106 documents, from the First Judicial District Court, Lewis and Clark County. He states that any copies of his legal proceeding were removed from his possession when his custody level was changed last year for disciplinary reasons. He further requests copies at no expense to him.

On May 8, 2020, Woods filed a Notice of Appeal and attached a copy of the District Court's Order denying his motion to withdraw guilty plea in Cause No. CDC-1993-170. In its Order, the court mentions that he entered guilty pleas to issuing a bad check, theft, and bail jumping in 1994 and his cumulative, fifteen-year sentence "expired many years ago." This judgment is the basis of his appeal.

Last year, this Court rendered a decision dismissing Woods's appeal of the same underlying criminal case on the State's motion. It was not properly before this Court. *State of Montana v. Jeremy Cord Woods*, No. DA 19-0194, 2019 Mont. LEXIS 989, Order (Mont. Nov. 26, 2019). Woods sought an untimely appeal after the District Court amended

the sentence's illegal portion that imposed restitution without a specific amount. "[T]he District Court amended Woods's sentence for his 1994 convictions of issuing a bad check, theft, and bail jumping because of this Court's Order directing it to do so." Order at *2.[1] We include some of the procedural background of relevance here:

> The State submitted an amended judgment without any requirement to pay restitution because Woods is also serving two life sentences which would diminish his ability to pay any restitution. Based on our Order and the State's response, the Lewis and Clark County District Court issued an Amended Judgment and Commitment on January 3, 2019, that had no condition for payment of restitution (emphasis in original). Also, on that day, the District Court issued an Order denying Woods's Motions to Proceed in Forma Pauperis, for Appointment of Counsel, and for Protective Order, as moot. Woods was not entitled to a hearing or re-sentencing in his criminal case on remand. His substantial rights have not been affected by the court's order following remand, and he has not been punished by the court's decision. Section 46-20-104(1), MCA; M. R. App. P. 4(1)(a). In fact, the Amended Judgment and Commitment works to his benefit.

Order at *3. We dismissed his appeal with prejudice. Order at *4.

We conclude that Woods's instant appeal is not properly before this Court. Woods's substantial rights are not affected by the District Court's decision. M. R. App. P. 4(1)(a) and 6(2). Section 46-20-104(1), MCA, states: "An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Woods's convictions on his guilty pleas occurred in 1994, and the sentences for the convictions have since expired. He remains incarcerated because of his two, consecutive life sentences from a separate criminal case. Woods has not been punished by the District Court's recent decision. The same parties and the same underlying case are again before this Court in another appeal. There is no redressability gained by this appeal.

---

[1] In 2018, Woods petitioned this Court for habeas corpus relief after the Powell County District Court informed him that it had no jurisdiction over his sentence from the Lewis and Clark County District Court. We granted his petition and remanded the matter to the District Court. *Woods v. Michael*, No. OP 18-0584, Order (Mont. Oct. 23, 2018).

2

The time for finality has arrived. "The common purpose of res judicata and collateral estoppel is to reinforce the authoritativeness of the rule of law and the essential corollary of finality and repose that, 'at some point arguable questions of right and wrong' must, 'for practical purposes,' come to an end. Restatement (Second) of Judgments § Scope Note." *State v. Huffine*, 2018 MT 175, ¶ 15, 392 Mont. 103, 422 P.3d 102 (citations omitted). Collateral estoppel, or otherwise known as issue preclusion, is a form of res judicata. *Huffine*, ¶ 15. "[C]ollateral estoppel has wide application on its elements in various contexts including, *inter alia*, application in various special proceedings *related to* criminal proceedings (e.g. direct appeal, postconviction proceedings, and habeas corpus review) to preclude relitigation of claims or issues previously addressed by this Court." *Huffine*, ¶ 16 (emphasis in original). Woods did not timely appeal his 1994 convictions and sentences. The time to raise any challenge to his guilty plea has long since passed, and collateral estoppel bars him from raising such issue now. *Huffine*, ¶ 18. This Court entered a final decision, dismissing his appeal in 2019. M. R. App. P. 19(2). Woods's instant appeal should also be dismissed.

In light of our conclusion to dismiss this appeal, Woods is not entitled to either of his motions—appointment of counsel or any copies of the court record. Therefore,

IT IS ORDERED that Woods's Motion for Appointment of Counsel and Motion for Copy of Court Record are both DENIED as moot.

IT IS FURTHER ORDERED that *sua sponte* this appeal is DISMISSED with prejudice.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jeremy Cord Woods personally.

DATED this 22nd day of September, 2020.

_____

_____

_____
Justices